## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FENIX CONSTRUCTORS, INC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.  07-CV-712-TCK-SAJ |
| | ) | |
| | ) | |
| **STEVEN ALPHONSO JACKSON,** *et.al.* | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

Hearing was held by the court on July 30, 2008 on the Motion of Love Funding Corporation to Compel Arbitration [Dkt.#57] and to Dismiss [Dkt.#58] or, Alternatively, To Stay Proceedings Pending Arbitration and Brief in Support [Dkt. #59].  Love Funding Corporation (herein "Love") was represented by its counsel of record, Ms. Sarah Jane Gillett of the law firm of  HALL ESTILL, and Legacy at Riverview Foundation (herein "Legacy") was represented by its counsel of record, Mr. Mark R. Reents of the law firm of CLARK & WILLIAMS.

### RECOMMENDATION

Having considered the arguments and authority presented at hearing and in the filings submitted by the parties, the court hereby recommends that the Motion of Love Funding Corporation to Compel Arbitration [Dkt.#57] be denied; Motion to Dismiss [Dkt.#58] be denied as moot; and, Alternative Motion To Stay Proceedings Pending Arbitration [Dkt.#59] be denied as moot for the following reasons:

1.   This Court is satisfied that the issues involved in Legacy's claims against Love are not referable to arbitration under that certain Agreement dated August 13, 2003 (the "Agreement") which Love contends entitles Love to seek arbitration.

2. That the "Agreement" was a separate transaction to which Legacy was not a signatory and therefore its terms were not to be applied to subsequent disputes or issues raised or alleged by Legacy against Love.

3.      The terms and conditions of the "Agreement" were fully performed.

4.      The terms of the Agreement are not binding upon Legacy.

OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation.  Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation.  *See* Fed. R. Civ. P. 6 (as to computation of time periods).  If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of**

**appeals.**  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 1st day of August, 2008.

Sam A. Joyner
United States Magistrate Judge