# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FENIX CONSTRUCTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-712 TCK/SAJ |
| | ) | |
| STEVEN ALPHONSO JACKSON, Secretary | ) | |
| of The US Department of Housing and Urban | ) | |
| Development; a Virginia corporation, with its | ) | |
| principal place of business in Washington, D.C.; | ) | |
| LOVE FUNDING CORPORATION, a Virginia | ) | |
| corporation, with its principal place of business | ) | |
| in Washington, D.C.; and, LEGACY AT | ) | |
| RIVERVIEW FOUNDATION, a domestic not for | ) | |
| profit corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Comes on for determination pursuant to referral from United States District Judge Terence C. Kern, Federal Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. # 28] and Plaintiff's Motion for Leave to File Amended Complaint [Dkt. # 34] and the court, having considered the arguments and authority of counsel presented in the filings and at hearing held on July 30, 2008, enters the following report and recommendation.

## DEFENDANT'S MOTION TO DISMISS

Defendant Steven Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development ("HUD") moves to dismiss on the ground that this court lacks subject matter jurisdiction because there has been no waiver of the

government's sovereign immunity. Defendant raises three arguments in support of his position.

Defendant first asserts there is no waiver under 28 U.S.C. §§ 1331 and 1402 because these statutes, while granting the district courts broad subject matter jurisdiction and providing a venue in civil actions against the United States, do not "unequivocally expresses an intent to waive sovereign immunity." Defendant next urges the waiver of sovereign immunity contained in 28 U.S.C. § 2410 is not applicable in this case, as HUD has no liens or mortgages on the subject property. Defendant finally asserts there is no jurisdiction under 28 U.S.C. § 1346, as the amount prayed for by Plaintiff exceeds $10,000, which compels the claim to be filed in the United States Federal Claims Court pursuant to 28 U.S.C. §1491(a).

Defendant's  third argument was initially addressed in this district by United States District Judge Gregory K. Frizzell in *Fenix v. Sheltering Palms, et. al.*, Case No.  06-CV-546. *Sheltering Palms*, an earlier case filed by Fenix involved virtually identical facts but different defendants. Judge Frizzell ruled that this court lacks subject matter jurisdiction over a contract claim against the United States for more than $10,000.00, granting motion to dismiss.

 Fenix filed motion to reconsider, urging this court has jurisdiction over equitable claims, which are beyond the jurisdiction of the Federal Claims Court.[1] Judge Frizzell agreed, reversing his original order and allowing Fenix to proceed with its equitable claims. Judge Frizzell affirmed his original dismissal of the contract claims.

---

[1]HUD urged this court to hold a decision in abeyance pending decision by Judge Frizzell or, alternatively, to transfer this action to Judge Frizzell for decision after Judge Frizzell's initial ruling and before his ruling on the motion to reconsider.

Judge Frizzell found that 12 U.S.C. §1702 constitutes a waiver of sovereign immunity with respect to suits against the Secretary of Housing and Urban Development, not an independent grant of jurisdiction.  Judge Frizzell determined the issue to be "whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331(a) if the disposition of Fenix's" equitable claims requires the application of federal common law, which he answered in the affirmative. This court, while recognizing the split in authority among the circuit courts, recommends adopting Judge Frizzell's conclusions as to this issue.

Thereafter, HUD filed a second motion to dismiss for lack of subject matter jurisdiction, which is basically a second motion to reconsider, urging Judge Frizzell's analysis did not go far enough. HUD urges the court failed to consider its arguments that the waiver of sovereign immunity found under §1702 does not apply where: (1) the alleged actions are not authorized by the National Housing Act; and, (2) any recovery of damages would be paid from the United States Treasury.

Judge Frizzell resolved these remaining issues by Opinion and Order filed October 29, 2008, finding there is insufficient evidence in the record presented on which to base a dismissal. Judge Frizzell accordingly denied the second motion to dismiss.

The same deficiency of proof is found in the case at bar. The allegations of the Complaint (removed state court Petition) are sufficient to withstand the motion. For this reason, this court recommends Federal Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be denied.

## PLAINTIFF'S MOTION TO AMEND

Plaintiff seeks to file amended complaint to add negligence claims. In reply brief, HUD does not object, subject to reservation of its right to respond after review of the

negligence allegations raised.

Plaintiff's Motion for Leave to File Amended Complaint should be granted.  Plaintiff should be given twenty (20) days within which to file Amended Complaint. The court's recommendation does not prejudge in any way a subsequent motion to dismiss directed toward the new allegations.

## RECOMMENDATION

Federal Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. # 28] should be overruled as set forth herein.  Plaintiff's Motion for Leave to File Amended Complaint [Dkt. # 34] should be granted as set forth herein.

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this Report and Recommendation.  Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation.  See Fed. R. Civ. P. 6 (as to computation of time periods).  If specific written objections are timely filed, the district judge assigned to this case will

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  See also 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and

recommendation.  "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.**  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411 (10th Cir. 1996).

Dated this 5th day of November, 2008.

Sam A. Joyner
United States Magistrate Judge